IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Terrie Sullivan and Veronica Rodriguez, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | No. 21 C 6084 |
| Liberty Mutual Insurance Company | ) ) ) | |
| Defendant. | ) | |

Order

Plaintiffs Terrie Sullivan and Veronica Rodriguez filed this action on behalf of themselves and putative nationwide and Illinois classes seeking damages, injunctive, and declaratory relief for defendants' allegedly discriminatory handling of insurance claims. On June 10, 2022, I dismissed plaintiffs' requests for injunctive and declaratory relief for lack of standing, explaining that these claims were "dead on arrival" because plaintiffs had canceled their policy prior to initiating this suit. *Sullivan v. Liberty Mutual Ins. Co.*, --- F.Supp.3d ----, 2022 WL 2105904, at *5 (quoting *Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988)). In view of this holding, defendant moves to strike plaintiffs' class allegations. The motion is granted for the reasons explained below.

As defendant observes, the complaint asserts class claims pursuant to Fed. R. Civ. P. 23(b)(2) and 23(c)(4). "[C]ertification of a class under Rule 23(b)(2) is permissible only when class plaintiffs seek 'final injunctive relief' that is 'appropriate respecting the class as a whole.'" *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011) (quoting Rule 23(b)(2)). With no standing to pursue an injunction on behalf of themselves or a class, plaintiffs plainly do not satisfy the requirements of Rule 23(b)(2).

Plaintiffs suggest that partial certification remains a possibility under Rule 23(c)(4), which "permits the court to certify particular issues for resolution as a class action." *Chicago Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 445 (7th Cir. 2015). But in the cases plaintiffs cite, at least some aspect of the plaintiffs' claims potentially satisfied the requirements of one or more subsection of Rule 23(b). *See Jacks v. DirectSat USA, LLC*, No. 10-CV-1707, 2015 WL 1087897, at *8 (N.D. Ill. Mar. 10, 2015) (decertifying a class previously certified for all purposes under Rule 23(b)(3) because damages were too individualized and certifying instead "appropriate, common issues for classwide determination" under Rule 23(c)(4)); *In re Fluidmaster, Inc. Water Connector Components Prod. Liab. Litig.*, No. 14-CV-5696, 2017 WL 1196990

(N.D. Ill. Mar. 31, 2017) (declining to certify an issues class under Rule 23(c)(4) but stating that "the Seventh Circuit likely would follow the trend of authority holding that a court may employ Rule 23(c)(4) to certify a class as to liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement") (cleaned up); *Van v. Ford Motor Co.*, 332 F.R.D. 249, 293 (N.D. Ill. 2019) (denying class certification but agreeing with *Fluidmaster* that the Seventh Circuit would not require a showing of predominance to certify a Rule 23(b)(3) damages class).

In short, none of these cases suggests that plaintiffs may litigate class claims for which they sought injunctive relief under Rule 23(b)(2) when they have no standing to seek such relief, and where the complaint, on its face, fails to suggest that any aspect of their damages claim is susceptible for classwide resolution. On the latter point, I agree with defendant that plaintiffs' allegations concerning a pattern or practice of discrimination are wholly conclusory. Accordingly, setting aside the conceptual mismatch between the injunctive class the complaint asserts and the damages claim that survived dismissal, the complaint's factual content does not plausibly suggest that discovery will unearth facts showing that the issue of

3

defendant's liability (or any other issue) is appropriate for classwide determination.

            **ENTER ORDER:**

          _____
            **Elaine E. Bucklo**
           United States District Judge

Dated: October 26, 2022