AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

TERRIE SULLIVAN and VERONICA RODRIGUEZ )
*Plaintiff* )
v. ) Civil Action No. 1:21-CV-06084
LIBERTY MUTUAL INSURANCE COMPANY )
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Christopher Alexa, 3102 N. Maple Tree Lane, Wadsworth, Illinois 60083

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: Butler Weihmuller Katz Craig LLP, 115 S. LaSalle Street, Suite 3200, Chicago, Illinois 60603 | Date and Time: October 3, 2022  10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 31, 2022

*CLERK OF COURT*
OR
_____                    /s/ Joseph Steadman
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Liberty Mutual Insurance Company, who issues or requests this subpoena, are:

Joseph Steadman, Butler Weihmuller Katz Craig LLP, 115 S. LaSalle Street, Suite 3200, Chicago, Illinois 60603

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-06084

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Christopher Alexa via U.S. Postal Service certified mail (7021 1970 0000 6208 6935)

on *(date)* August 31, 2022 ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: August 31, 2022

*Server's signature*

Leshia Daniels - Legal Assistant
*Printed name and title*

Butler Weihmuller Katz Craig, LLP
115 S. LaSalle Street - Suite 3200
Chicago, Illinois 60603
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Subpoena Rider

(Christopher Alexa)

**DEFINITIONS AND INSTRUCTIONS**

1. "You," "Mr. Alexa," and/or "Christopher Alexa" means and refers to Christopher Alexa, including any of that individual's prior names including but not limited to "Branko Kotevski."

2. "Plaintiffs" means Terrie Sullivan and Veronica Rodriguez.

3. "Defendant" or "Liberty Mutual" means and refers to Defendant Liberty Mutual Personal Insurance Company and any related entity or person acting on its behalf in connection with the matters alleged in the Complaint or defenses thereto.

4. "Complaint" means Plaintiffs' Class Action Complaint filed in this Action (Doc. 1).

5. "Plaintiff's Insured Property" or the "Premises" means the property that is located at 1222 Isabella St., Evanston, IL 60201 and for which Plaintiffs were insured under Liberty Mutual Policy No. H3V-243-461365-70.

6. "Policy" means the insurance policy that Plaintiffs purchased from Liberty Mutual, including without limitation, Policy No. H3V-243-461365-70.

7. "Loss" or "Losses" means the damage to Plaintiffs' Insured Property that is alleged in the Complaint.

8. This "Action" means the lawsuit styled as *Terrie Sullivan and Veronica Rodriguez v. Liberty Mutual Insurance Company,* No. 1:21-cv-06084 (N.D. Illinois).

9. "Claim" means Claim No. 044072327, the claim that Plaintiffs submitted for the Loss to Plaintiffs' Insured Property that is the subject of this Action.

10. "Person" means any natural person, business, legal or governmental entity, or association.

11. "Document(s)" means all materials that are discoverable under Federal Rule of Civil Procedure 34, including emails and other electronically stored information.

12. "Communication" m means any conversation, discussion, meeting, correspondence, e-mail, facsimile, or other conveyance of ideas or information.

13. "Relating to" or "concerning" a certain subject or Document means constituting, referring to, discussing, analyzing, comprising, embodying, evidencing, affecting or containing any information which pertains to the specified subject or Document.

14. "And" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

15. The use of the singular form of any word includes the plural and vice versa.

16. If You contend that any of the information and/or documents called for by any of these request are privileged, or if you have withheld information and/or documents on any ground, set forth with regard to all such information and/or documents:

- a. the nature of the privilege asserted;
- b. the factual basis for asserting the privilege;
- c. the subject matter to which your claim of privilege or confidentiality relates;
- d. with respect to a document, its identity and a description of the form of the document (i.e., whether it is a letter, memorandum, tape, disk, etc.), the number of pages and the attachments to the document; and
- e. with respect to information other than a document, the identity of the person(s) from whom such information was obtained and the identity of any person(s) to whom such information was communicated.

## REQUESTS FOR DOCUMENT PRODUCTION PURSUANT TO SUBPOENA

**REQUEST NO. 1:**
All Documents relating to the Claim, Loss, or Property.

**REQUEST NO. 2:**
All Documents relating to any inspections, estimates, repairs, or replacements to the Property from the Loss including, but not limited to, bills, invoices, and payments for costs associated with the repairs or replacements.

**REQUEST NO. 3:**
All color photographs and/or videos relating to any inspections of the Property.

**REQUEST NO. 4:**
All Documents relating to any repairs or replacements to the Property from the Loss, including any permits, permit applications and all Communications relating to the permitting process and approval.

**REQUEST NO. 5:**
All Communications, including e-mails, text messages, and social media messages, between Mr. Alexa and Colby Sherbafi, as well as any handwritten or typed notes of any Communications and recordings of any Communications.

**REQUEST NO. 6:**
All Communications, including e-mails, text messages, and social media messages, between Mr. Alexa and either Plaintiff relating to Liberty Mutual and/or Colby Sherbafi, the Claim, the Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recordings of any Communications.

**REQUEST NO. 7:**
All Communications, including e-mails, text messages, and social media messages, between Mr. Alexa and Liberty Mutual relating to the Claim, Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recordings of any Communications.

**REQUEST NO. 8:**
All Communications, including e-mails, text messages, and social media messages, between Mr. Alexa and Christopher Musser and/or Windy City Adjusting relating to Liberty Mutual and/or Colby Sherbafi, the Claim, the Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recording of any such Communications.

**REQUEST NO. 9:**
All Communications, including e-mails, text messages, and social media messages, between Mr. Alexa and Plaintiffs' counsel, including but not limited to attorneys and other employees at Jaszczuk P.C., relating to Liberty Mutual and/or Colby Sherbafi, the Claim, the Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recordings of any such Communications.

**REQUEST NO. 10:**
All Communications, including e-mails, text messages, and social media messages, between Mr. Alexa and Jeffrey Blumenthal relating to Liberty Mutual and/or Colby Sherbafi, the Claim, the Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recordings of any such Communications.

**REQUEST NO. 11:**
All drafts of any declaration, affidavit or statement of Mr. Alexa including, but not limited to, drafts of Exhibit 1 to the Complaint.

**REQUEST NO. 12:**
All Documents and Communications relied upon by Mr. Alexa in asserting that Liberty Mutual is comprised of "bad people."

**REQUEST NO. 13:**
All drafts of the Complaint in Mr. Alexa's possession, custody, or control.

**REQUEST NO. 14:**
All social media posts from Mr. Alexa relating to Liberty Mutual, the Claim, the Loss and/or the Property.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

TERRIE SULLIVAN and VERONICA RODRIGUEZ )
*Plaintiff* )
v. ) Civil Action No. 1:21-CV-06084
LIBERTY MUTUAL INSURANCE COMPANY )
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Christopher Clark Alexa, Clark Interior & Exterior, 3102 N. Maple Tree Lane, Wadsworth, Illinois 60083

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED RIDER

| Place: Butler Weihmuller Katz Craig LLP, 115 S. LaSalle Street, Suite 3200, Chicago, Illinois 60603 | Date and Time: October 3, 2022  10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 31, 2022

*CLERK OF COURT*

OR

/s/ Joseph Steadman

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Liberty Mutual Insurance Company , who issues or requests this subpoena, are:

Joseph Steadman, Butler Weihmuller Katz Craig LLP, 115 S. LaSalle Street, Suite 3200, Chicago, Illinois 60603

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-06084

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Christopher Clark Alexa via U.S. Postal Service certified mail (7021 1970 0000 6208 6928)

on *(date)* August 31, 2022 ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: August 31, 2022

*Server's signature*

Leshia Daniels - Legal Assistant

*Printed name and title*

Butler Weihmuller Katz Craig, LLP
115 S. LaSalle Street - Suite 3200
Chicago, Illinois 60603

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Subpoena Rider

## (Clark Interior & Exterior)

## **DEFINITIONS AND INSTRUCTIONS**

1. "You," and/or "Clark Interior & Exterior," means and refers to Clark Interior & Exterior, the company identified in Christopher Alexa's Declaration attached to the Complaint. Those terms also mean and refer to Clark Interior & Exterior's affiliates, subsidiaries, parent companies, directors, officers, employees, agents, and assigns.

2. "Plaintiffs" means Terrie Sullivan and Veronica Rodriguez.

3. "Defendant" or "Liberty Mutual" means and refers to Defendant Liberty Mutual Personal Insurance Company and any related entity or person acting on its behalf in connection with the matters alleged in the Complaint or defenses thereto.

4. "Complaint" means Plaintiffs' Class Action Complaint filed in this Action (Doc. 1).

5. "Plaintiff's Insured Property" or the "Premises" means the property that is located at 1222 Isabella St., Evanston, IL 60201 and for which Plaintiffs were insured under Liberty Mutual Policy No. H3V-243-461365-70.

6. "Policy" means the insurance policy that Plaintiffs purchased from Liberty Mutual, including without limitation, Policy No. H3V-243-461365-70.

7. "Loss" or "Losses" means the damage to Plaintiffs' Insured Property that is alleged in the Complaint.

8. This "Action" means the lawsuit styled as *Terrie Sullivan and Veronica Rodriguez v. Liberty Mutual Insurance Company,* No. 1:21-cv-06084 (N.D. Illinois).

9. "Claim" means Claim No. 044072327, the claim that Plaintiffs submitted for the Loss to Plaintiffs' Insured Property that is the subject of this Action.

10. "Person" means any natural person, business, legal or governmental entity, or association.

11. "Document(s)" means all materials that are discoverable under Federal Rule of Civil Procedure 34, including emails and other electronically stored information.

12. "Communication" means any conversation, discussion, meeting, correspondence, e-mail, facsimile, or other conveyance of ideas or information.

13. "Relating to" or "concerning" a certain subject or Document means constituting, referring to, discussing, analyzing, comprising, embodying, evidencing, affecting or containing any information which pertains to the specified subject or Document.

14. "And" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

15. The use of the singular form of any word includes the plural and vice versa.

16. If You contend that any of the information and/or documents called for by any of these request are privileged, or if you have withheld information and/or documents on any ground, set forth with regard to all such information and/or documents:

   a. the nature of the privilege asserted;
   b. the factual basis for asserting the privilege;
   c. the subject matter to which your claim of privilege or confidentiality relates;
   d. with respect to a document, its identity and a description of the form of the document (i.e., whether it is a letter, memorandum, tape, disk, etc.), the number of pages and the attachments to the document; and

      e.      with respect to information other than a document, the identity of the person(s) from whom such information was obtained and the identity of any person(s) to whom such information was communicated.

## **REQUESTS FOR DOCUMENT PRODUCTION PURSUANT TO SUBPOENA**

**REQUEST NO. 1:**
All Documents relating to the Claim, Loss, or Property.

**REQUEST NO. 2:**
All Documents relating to any inspections, estimates, repairs, or replacements to the Property from the Loss including, but not limited to, bills, invoices, and payments for costs associated with the repairs or replacements.

**REQUEST NO. 3:**
All color photographs and/or videos relating to any inspections of the Property.

**REQUEST NO. 4:**
All Documents relating to any repairs or replacements to the Property from the Loss, including any permits, permit applications and all Communications relating to the permitting process and approval.

**REQUEST NO. 5:**
All Documents relating to any Communications, including but not limited to copies of Communications, between You and Plaintiffs, and You and Plaintiffs' counsel, including but not limited to attorneys and other employees at Jaszczuk P.C.

**REQUEST NO. 6:**
All Communications, including e-mails, text messages, and social media messages, between You and either Plaintiff relating to Liberty Mutual and/or Colby Sherbafi, the Claim, the Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recordings of any Communications.

**REQUEST NO. 7:**
All Communications, including e-mails, text messages, and social media messages, between You and Liberty Mutual relating to the Claim, Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recordings of any Communications.

**REQUEST NO. 8:**
All Communications, including e-mails, text messages, and social media messages, between You and Christopher Musser and/or Windy City Adjusting relating to Liberty

Mutual and/or Colby Sherbafi, the Claim, the Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recording of any such Communications.

**REQUEST NO. 9:**
All Communications, including e-mails, text messages, and social media messages, between You and You and Plaintiffs' counsel, including but not limited to attorneys and other employees at Jaszczuk P.C., relating to Liberty Mutual and/or Colby Sherbafi, the Claim, the Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recordings of any such Communications.

**REQUEST NO. 10:**
All Communications, including e-mails, text messages, and social media messages, between You and Jeffrey Blumenthal relating to Liberty Mutual and/or Colby Sherbafi, the Claim, the Loss and/or the Property, as well as any handwritten or typed notes of any Communications and recordings of any such Communications.

**REQUEST NO. 11:**
All drafts of any declaration, affidavit or statement of Mr. Alexa including, but not limited to, drafts of Exhibit 1 to the Complaint.

**REQUEST NO. 12:**
All drafts of the Complaint in Your possession, custody, or control.